FILED
SUPERIOR COURT
OF GUAM

2019 MAY 16 PM 1: 15

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

TAMARA ANDREA MUNA *et al*,
DOB: 05/14/1978

DEFENDANTS.

CRIMINAL CASE NO.: CF0329-17

DECISION AND ORDER

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola upon Tamara Andrea Muna's ("Muna") Motion for Severance. Assistant Attorney General Matthew A. Phelps appeared for the People of Guam ("People"). Attorney Clyde Lemons, Jr. represents Muna and co-defendant Roke Trinidad Flores ("Flores"). The Court held a Motion Hearing on March 22, 2019, and the matter was subsequently taken under advisement. Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court issues this Decision and Order disqualifying Attorney Clyde Lemons, Jr. from representing either Muna or Flores in this matter. The Court reserves making a ruling regarding severance until Muna and Flores have retained attorneys to represent them individually.

### BACKGROUND

On or about May 15, 2017, an individual reported an alleged theft of firearms and other property from his home at 220 Lodo Lane, Chalan Pago, Guam. Mot. to Sever at 2 (Feb. 15, 2019). The individual suspected his nephew Derek James Santos ("Santos") of the theft. Id. The next day, Guam Police Department ("GPD") Officer Eric Felix N. Asanoma ("Officer Asanoma") applied for and executed a warrant to search the residence where Santos was believed to be residing. Id.

During the search, GPD's Mandana Drug Task Force officers discovered two firearms. Id. Upon interrogation, Santos admitted that he had stolen jewelry and eleven firearms from his uncle's home. Id. Santos further stated that he had given the remaining nine stolen firearms to Flores. Officer Asanoma used this information to apply for a warrant to search the home of Flores, where Muna also lives. Id. The search warrant also authorized a search of Flores's 2005 Honda Element. Id. at 3. Upon a search of the residence, officers discovered fifteen (15) grams of suspected methamphetamine, a glass pipe, and a digital scan. Id.

Following the search of the residence, officers again appeared before the judge requesting an additional warrant authorizing a secondary search of the home of Flores and Muna, as well as a 2005 Black Nissan Altima registered to Flores. Id. Upon searching the Altima, officers discovered four of the stolen firearms. Id.

Subsequently, on June 28, 2017, a Superior Court of Guam Grand Jury returned an Indictment charging Muna with **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony)** and **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)**. The Indictment also charged Flores with four counts of **POSSESSION OF A FIREARM WITHOUT A GUAM FIREARMS IDENTIFICATION CARD (As a Third Degree Felony)**, four counts of **POSSESSION OF AN UNREGISTERED FIREARM (As a Third Degree Felony)** and **THEFT BY RECEIVING (As a Third Degree Felony)**.

## DISCUSSION

The People argue that Defense Counsel should be disqualified from representing both Muna and Flores in this case. Opp'n at 5 (Feb. 21, 2019). Flores has informed the Court of his alibi defense, arguing that he was not on Guam on the date that Santos claims to have given him the stolen firearms. Def.'s Assertion of an Alibi (Feb. 15, 2019). After hearing that defense, the jury could infer that another actor must have had access to the Altima and placed the stolen firearms there during the relevant time period. The Court finds that Flores's alibi defense will necessarily implicate Muna, who lived with Flores. This creates a conflict of interest for Defense Counsel.

Under the Sixth Amendment of the United States Constitution, criminal defendants generally have the right to be represented by counsel of their own choosing. Wheat v. United

States, 486 U.S. 153, 158-59 (1988). However, it is not absolute. "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Id. at 159 (citations omitted). See also Strickland v. Washington, 466 U.S. 668, 689 (1984) (criminal defendants are constitutionally entitled to effective assistance of counsel as a means of protecting their right to a fair trial). For counsel to be an "effective advocate," he or she cannot represent criminal defendants with conflicting interests. Glosser v. United States, 315 U.S. 60, 70 (1972). "The [trial court] must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of serious potential for conflict. The evaluation of facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court." Wheat, 486 U.S. at 164.

It is undisputed that stolen firearms were discovered in the Altima. Reply at 2 (Mar. 8, 2019). Santos told police that he delivered the stolen firearms to Flores on or about May 8, 2017. If Flores argues that he was off-island at the time the firearms were placed in the Altima, then he is implying that someone else was responsible for the firearms being found there. Because Muna had access to the Altima, the jury would likely view her as the most likely suspect. Defense Counsel has not provided an alternative theory of how Flores's alibi defense could help Flores without implicating Muna.

Even in the event that the trials are severed, the two defendants still have competing interests and will likely be called as witnesses in each other's cases. Defense counsel, who owes an undivided duty of loyalty to both clients, would be stuck in the impossible situation of attempting to cross-examine his own concurrent client as a witness. While Muna is not currently facing any charges related to the firearms in this case, Defense Counsel would still be violating his duty of loyalty to Muna by implying during trial that she had committed criminal acts. This conflict has not been "manufactured" by the People as implied by Defense Counsel. Reply at 5. It exists due to

Defense Counsel's attempt to shift blame from one of his clients to another one of his clients. Even if client waivers are obtained, such a conflict can be the basis of later appeals or collateral attacks by criminal defendants on a conviction. <u>Wheat</u>, 486 at 161-162.

Defense Counsel's primary argument is that the firearms and drugs were found in different locations (the residence and the Altima) and that this precludes the existence of a conflict. Reply at 5. However, the difference in locations does not matter; what matters is that the co-defendants had equal access to both locations.

Further, the Court finds that Defense Counsel's representation has provided him with privileged information about both Muna and Flores, and it would therefore be improper for him to cross-examine either of them in a severed trial. Accordingly, Defense Counsel is disqualified from representing either Muna or Flores. Both parties must obtain individual counsel in this matter.

The Court reserves judgment on the issue of severance until both parties have obtained independent counsel. The Court will then allow the new attorneys an opportunity to put forward a position on the issue and submit their own briefs, if desired.

## CONCLUSION

Based on the foregoing reasons, Defense Counsel Clyde Lemons, Jr. is disqualified from representing either co-defendant in this matter. The Court reserves judgment on Muna's Motion to Sever until both parties have obtained independent counsel.

This matter is set for Further Proceedings on ___5/29/19___ at _9 a.m._.

SO ORDERED _5/16/19_.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

MAY 16 2019  Date:  Time: 12:0 pm

Deputy Clerk, Superior Court of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam